DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Lloyd Cochenour, appeals the May 10, 2006 judgment of the Sandusky County Court of Common Pleas, which sentenced appellant to three years of imprisonment following a jury trial convicting him of two counts of sexual battery. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, *Page 2 18 L.Ed.2d 493. Appellant's counsel asserts that after reviewing the record and the conduct of the trial court, he can find no arguable issues for appellate review. Appellant's counsel further states that, as required byAnders, he provided appellant with a copy of the appellate brief and request to withdraw as counsel and informed him of his right to file his own brief. Appellant has filed a pro se brief.
 {¶ 3} Consistent with Anders, counsel for appellant has asserted one potential assignment of error:
 {¶ 4} "I. The trial court erred in denying defendant's motion for acquittal pursuant to Crim.R. 29 because the conviction is against the manifest weight of the evidence."
 {¶ 5} Appellant, pro se, asserts the following assignments of error:
 {¶ 6} "The state clearly withheld evidence in my defense, by not permitting my witnesses to testify to [the victim's] testimony and credibility.
 {¶ 7} "* * * I was misrepresented as well."
 {¶ 8} We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744. *Page 3 
 {¶ 9} On February 3, 2005, appellant was indicted on two counts of sexual battery in violation of R.C. 2907.03(A)(5), third degree felonies. On March 21, 2006, the matter proceeded to a jury trial; the following evidence was presented.
 {¶ 10} The victim testified first. The victim testified that in 2004, she was living with Denise M. and appellant in Fremont, Sandusky County, Ohio. The victim was not related to Denise but lived with her because her mother was deceased and her father was incarcerated (Denise and the victim's father were married at one time.) The victim testified that appellant moved in when she was about eight years old. The victim stated that she did not like appellant and that they did not get along.
 {¶ 11} The victim testified that in July 2004, shortly after her fifteenth birthday, appellant began paying more attention to her and wanting to do things with her. The victim stated that she was running track for school and that appellant would rub her feet; the victim stated that appellant kept trying to move his hands up her thighs. The victim also testified that on one occasion appellant told her to put on her bikini and wear it around the house so she would feel more comfortable in it.
 {¶ 12} The victim testified that one night while she was asleep appellant came into her room, took off her underwear, and began rubbing her clitoris. She stated that she woke up and hit appellant in the head with her foot. The victim told appellant to leave her room. *Page 4 
 {¶ 13} On a different occasion, the victim testified that she was asleep and that appellant took off her underwear and began licking her vagina. Again, the victim hit appellant on the head and told him to never touch her again.
 {¶ 14} The victim testified that during the above incidents, Denise was asleep in her room; appellant slept on the couch. The victim testified that following the incidents she blocked her bedroom door with a chair.
 {¶ 15} The victim testified that she never told Denise about the incidents because she would not believe her. The first individual she told was a friend's mother who then notified the police.
 {¶ 16} The victim eventually told Denise and others about the incidents. Sandusky County Children's Services removed the victim from the home and she was temporarily placed in foster care. The victim testified that she now lives with her aunt. The victim acknowledged that she hates appellant and that she wished that he would die.
 {¶ 17} During cross-examination, the victim denied that she dreamed the incidents. The victim testified that during 2004, she was taking a medication for premenstrual syndrome and that, after she told Denise about the incidents, she took her to the doctor and they prescribed Risperdal to her (an anti-psychotic medication.) The victim admitted that Denise was very strict and that she should have allowed her a little more freedom. The state then rested.
 {¶ 18} Appellant presented the testimony of Amber, Denise, and appellant. Amber testified that Denise is her mother and that the victim was like a sister to her. *Page 5 
Amber testified that she shared a room with the victim from 1997 to 1998, and when she stayed at her mom's house in 2003, she slept on the couch. Amber stated that Denise and appellant shared a bedroom. Amber is nine years older than the victim.
 {¶ 19} Amber testified that the victim informed her of the allegations against appellant in late summer 2004. Amber stated that, in general, she did not consider the victim to be truthful.
 {¶ 20} Denise testified next. She stated that appellant has been her boyfriend for approximately ten years and that he pays the monthly rent. Denise testified that she and appellant share a bedroom.
 {¶ 21} Denise testified that the victim had been taking Zoloft (an anti-depressant) at the time of the alleged incidents. Denise stated that the medication made the victim more violent and aggressive. Denise testified that the victim became physically violent with her and her daughter and that the victim threatened to kill Denise's mother. Denise testified that the victim was manipulative and tried to use others to convince Denise to give her what she wanted.
 {¶ 22} Denise testified that she bought the victim a bikini in early summer 2004. Denise testified that the victim voluntarily modeled it for appellant to determine if he would allow her to wear it. According to Denise, appellant would often decide if the victim's clothing was too mature for her. *Page 6 
 {¶ 23} Appellant was the final witness to testify. Appellant stated that the allegations were not true. Appellant further stated that the allegations had not affected his relationship with Denise.
 {¶ 24} Appellant testified that he had rubbed the victim's feet but that it was for soreness, nothing sexual. Appellant testified that Denise set the rules for the victim and that he went along with them.
 {¶ 25} Appellant testified that he had been convicted of forgery; he entered a guilty plea. Appellant admitted that there were 13 counts of forgery.
 {¶ 26} On cross-examination, appellant testified that a detective interviewed him regarding this case. Appellant testified that when he told the detective that the victim was a very honest person, he had not been informed of the purpose of the interview. Appellant stated that he thought the victim was in trouble.
 {¶ 27} Following the above testimony, the jury found appellant guilty of both counts of sexual battery. This appeal followed.
 {¶ 28} In appellate counsel's sole potential assignment of error he contends that appellant's conviction was against the manifest weight of the evidence. In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "`* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins, *Page 7 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 29} On review, we cannot say that the conviction was against the manifest weight of the evidence. The state presented the testimony of the victim who clearly recounted the events. Although there was some conflicting evidence, it was regarding collateral issues and was not outcome determinative. Further, we cannot say that the jury lost its way in finding the victim's testimony to be credible. Accordingly, appellate counsel's potential assignment of error is not well-taken.
 {¶ 30} Appellant, pro se, first argues that the state prejudiced his case by not permitting his witnesses to testify regarding the victim's testimony and credibility. It appears that appellant is contending the fact that his attorney was not permitted to question appellant's witnesses about certain topics and that he was not permitted to cross-examine the victim regarding matters that were not raised during the state's direct examination.
 {¶ 31} The matters complained of by appellant are governed by the Ohio Rules of Evidence and were neither in the state's nor trial counsel's control. Accordingly, we reject appellant's first potential assignment of error.
 {¶ 32} In conjunction with his first potential assignments of error, appellant next contends that his trial counsel was ineffective. The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed *Page 8 
appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687, 104 S.Ct. 2052,80 L.Ed.2d 674. In essence, appellant must show that the proceedings, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v.Hamblin (1988), 37 Ohio St.3d 153, 155-56. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v. Phillips, 74 Ohio St.3d 72, 85,1995-Ohio-171. Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners.Strickland, supra at 689; State v. Keenan, 81 Ohio St.3d 133, 152,1998-Ohio-459.
 {¶ 33} Upon review of the record below, we cannot say that appellant's trial counsel was ineffective. Trial counsel made a Crim.R. 29 motion for acquittal, he called three witnesses on appellant's behalf, and he vigorously cross-examined the alleged victim. Counsel's decisions regarding which witnesses to call and the line of questioning *Page 9 
to pursue are tactical; the decisions do not constitute ineffective assistance of counsel. Accordingly, appellant's second potential assignment of error is not well-taken.
Upon the court's independent review of the record, we find no other arguable issues for appeal. We therefore grant appellate counsel's request to withdraw.
 {¶ 34} Upon consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1